UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RE:
CONCH HOUSE BUILDERS, LLC
dba Conch House Marina Restaurant,   Case No. 3:07-bk-03392-JAF
dba Conch House Sport Fishing Charters
       Debtor(s)
_____/

## DISCLOSURE STATEMENT

On August 7, 2007, Conch House Builders, LLC dba Conch House Marina Restaurant, dba Conch House Sport Fishing Charters filed a voluntary petition for reorganization pursuant to Chapter 11 of the United States Bankruptcy Code with the United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division. Simultaneously with the filing of the original Disclosure Statement, the debtor has filed a Plan of Reorganization (Plan). Pursuant to Section 1125 of the United States Bankruptcy Code, the debtor has prepared and filed this Disclosure Statement, along with the Plan, for the Court's approval and for submission to the holders of claims or interests with respect to the Debtor's assets. The purpose of this statement is to provide the holders of claims against or interests in the debtor with adequate information about the debtor giving them an opportunity to make an informed judgment about the merits of approving the Plan.

### I. HISTORY OF DEBTOR'S BUSINESS AND FINANCIAL PROBLEMS

The debtor filed Chapter 11 on August 7, 2008. The filing was caused by two problems. First, by an imminent threat by purported equity holders to thrust the business into a Chapter 7 and allow its liquidation and second, because of the pending foreclosure by Intervest National Bank.

The Conch House marina and restaurant has been operating as its present location by the Ponce family since 1946. The business had been owned and operated by the Ponce family until a purported sale of the business to Conch House Builders, LLC in December 2005. The sale resulted in management of the business being turned over to Thomas E. Coghill, Jr., who unbeknownst to the Ponce family, was indicted in Virginia for bank and wire fraud. Mr. Coghill was eventually convicted and is presently in a half-way house in Virginia. The transaction which involved a $17,500,000.00 loan from Intervest National Bank has been challenged by the debtor claiming the transaction was fraudulent. Litigation with Intervest National Bank will eventually determine the amount of debt owed by the debtor but will not impact the debtor's plan of reorganization. However, the way the debtor's operation was originally constituted, it could cash flow up to $8,000,000.00 in secured debt. When the loan was made, the bank knew or should have known that the debtor could never fund a $17,500,000.00 loan. The plan, if allowed, will be funded by new investment money, refinancing, sale of assets, or the redevelopment of the existing operation (possibly a combination of all four).

### II. CREDITOR INFORMATION

1. **ADMINISTRATIVE CLAIMS**

(A) **ROBERT ALTMAN, P.A.**, counsel for the debtor-in-possession, received a retainer in this case in the amount of $55,000.00. Of that retainer $20,150.00 was earned prior to the filing. In addition $18,600.00 of the retainer was earned prior to the filing and paid to Isaac L. Levy for services rendered pre-petition leaving $16,250.00 of the retainer for post-petition attorney fees and costs. Robert Altman, P.A. was appointed to represent the debtor-in-possession by the Court on September 1, 2007 nunc pro tunc to August 8, 2007. The fees and expenses will exceed the amount of the retainer. The debtor anticipates an additional $100,000.00 to $200,000.00 in fees and expenses through Confirmation.

(B) **THE OFFICE OF THE UNITED STATES TRUSTEE** receives quarterly fees as required by statute. The fees accrue interest at 4% from the time owed. The quarterly fees are current.

(C) **JASON B. BURNETT OF THE LAW FIRM OF GREYROBINSON, P.A.** was appointed special counsel by the Court on September 11, 2007 nunc pro tunc to August 23, 2007. GreyRobinson has an agreement for fees and costs with a third party and has been receiving payment post-petition. Pre-petition GreyRobinson received $50,000.00 from Black Creek Forest, LLC, an entity owned by David Ponce, Sr. There was a pre-petition balance owed of $886.77 which was waived prior to the appointment by the Court. Post-petition, GreyRobinson, P.A. has received $95,000.00 from David Ponce, Sr.and anticipates a claim against the estate of approximately between $200,000.00 and $300,000.00.

(D) **STEVEN R. ROSENBAUM, C.P.A. OF FREEMAN, DAWSON, ROSENBAUM & SOBEL, P.A.** was appointed as Accountant by the Court on October 1, 2007 nunc pro tunc to September 4, 2007. The firm received a retainer of $5,000.00 subject to 11 U.S.C. §330. On March 13, 2008, the Court entered an Order Granting Debtor's Application for Compensation of Interim Fees and Costs to Freeman, Dawson, Rosenbaum & Sobel, P.A.. The accountant was awarded $12,162.50 which included the $5,000.00 already received. The award of interim fees has been paid. The Accountant anticipates additional fees and costs in the approximate amount of no more than $15,000.00.

(E) **THE EVANS GROUP, INCORPORATED** was appointed by the Court as Architect for the estate on March 13, 2008 nunc pro tunc to January 28, 2008. The order provided for the Evans Group to receive a retainer of $20,000.00 and to complete its work as architect pursuant to a letter of agreement attached to the order. The letter of agreement provides for the completion of work in phases. The Evans Group is required to file Interim Fee Applications before disbursement but after completion of each phase. They have received an additional $40,000.00 for which they have yet to seek Court approval. The Evans Group is owed as of May 6, 2008 the amount of $270,569.82.

(F) **ZEV COHEN & ASSOCIATES, INC.** was appointed by the Court as Engineer for the Estate on July 2, 2008. The work to be performed by the engineer will cost in excess of $30,000.00. Zev Cohen & Associates, Inc. has received a retainer of $5,000.00 which has not yet been approved by the Court.

(G) **ELLEN AVERY-SMITH AND DOUGLASS N. BURNETT OF ROGERS TOWERS, P.A.** was appointed by the Court as Special Attorney for the Debtor-in-Possession on July 2, 2008 nunc pro tunc to June 17, 2008 to handle zoning and other issues before the City and County commissions. The firm received a retainer of $2,500.00 subject to the provisions of 11 U.S.C. §330.

2. **PRIORITY and SECURED CREDITORS**

(A)     **THE RESTAURANT TIMES** has filed a priority claim in the amount of $3,315.00. There is no basis for the claim of priority status. The debtor-in-possession will object to this claim as a priority claim but has no objection to the claim being allowed as an unsecured claim.

(B)     **THE TAX COLLECTOR, ST. JOHNS COUNTY, FLORIDA, DENNIS W. HOLLINGSWORTH** has filed claims 17, 18, 19, 20, 21, 22, 23, 36, 37 in the following amounts:

| | | |
|---|---|---|
| Claim 17: | $ 28,803.64 | 2006 real estate taxes |
| Claim 18: | $ 28,882.99 | 2006 real estate taxes |
| Claim 19: | $ 36,894.47 | 2006 real estate taxes |
| Claim 20: | $ 23,076.09 | 2006 real estate taxes |
| Claim 21: | $ 21,134.26 | 2006 real estate taxes |
| Claim 22: | $ 19,377.91 | 2006 real estate taxes |
| Claim 23: | $ 28,410.98 | 2006 tangible personal property tax |
| Claim 36 | $461,132.45 | 2007 real estate taxes |
| Claim 37 | $ 25,110.25 | 2007 tangible personal property tax |
| | $672,823.04 | |

(C)     **INTERVEST NATIONAL BANK** has filed a secured claim (Claim 42) in the amount of $16,513,958.51 based on a disputed 1st mortgage on all the debtor's assets.

(D)     **STEPHEN BERRY** has filed a secured claim (claim 39) in the amount of $150,000.00. This claimant holds a Deed of License to Boat Slip A-01. This claim is inferior to that of Intervest National Bank. The debtor disputes that Intervest holds a lien on the boat slips. The title issues will need to be resolved by Court order.

3.     **UNSECURED CLAIMS**

Unsecured creditors who have filed claims are:

| | | |
|---|---|---|
| Fueling Components | $ 2,957.48 | (Claim 1) |
| St. Johns Food Service, Inc. | $ 678.00 | (Claim 2) |
| Burkhardt Sales | $ 341.55 | (Claim 3)*** |
| Massey Services, Inc. | $ 1,208.40 | (Claim 4) |
| Cosgrove Enterprises, Inc. | $ 13,610.14 | (Claim 5) |
| Dfirst Coast Pool Service | $ 400.00 | (Claim 6) |
| Jeff Howard | $ 248,000.00 | (Claim 7)# |
| American Hotel Register | $ 842.90 | (Claim 8)*** |
| Flowers by Shirley | $ 496.39 | (Claim 9) |
| East Coast Fruit Co. Inc. | $ 1,196.48 | (Claim 10) |
| Watch Captain, LLC | $ -0- | (Claim 11) |
| Clear Channel Outdoor[1] | $ 3,225.00 | (Claim 12) |
| GSC Service, Inc. | $ 535.31 | (Claim 13) |
| The Restaurant Times* | $ 3,315.00 | (Claim 14) |

---

[1] This is a lease or executory contract and is listed under Paragraph 4 herein.

3

| | | |
|---|---:|---|
| AEA Networks, Inc. | $ 1,702.48 | (Claim 15) |
| S&D Coffee, Inc. | $ 1,097.23 | (Claim 16) |
| William Glenos, DMD | $ 660.00 | (Claim 24) paid |
| City of St. Augustine | $ 11,896.62 | (Claim 25) |
| CBS Outdoor Bulletin[2] | $ 8,088.00 | (Claim 27) |
| Nicholas LaRose | $ 359.79 | (Claim 29) |
| Action Mobile | $ 101.12 | (Claim 30) |
| Miles Media Group, Inc. | $ 3,600.00 | (Claim 31) |
| Fueling Components | $ 2,957.48 | (Claim 32)** |
| Clay Oil Corporation | $ 52,610.85 | (Claim 33) |
| Strike II Production[3] | $ 466,343.60 | (Claim 34) paid $443.40 |
| St. Johns Heating & Air Conditioning, Inc.[4] | $ 871.45 | (Claim 35) |
| Lance, Inc. | $ 672.85 | (Claim 38) |
| Muzak - Florida | $ 168.66 | (Claim 40) |
| Central Products, Inc. | $ 3,224.99 | (Claim 43) |

\* This claimant filed as a priority claim but will be treated as a general unsecured claimant.

\*\* This claim is a duplicate of Claim 1 and will receive no payment.

\*\*\* American Hotel Registry is owed $373.47 and an objection will be filed to their claim. Burkhardt Sales deducted the amount owed to them from a credit and Burkhardt Sales is now paid in full. The amount is insignificant and will not be pursued.

Paid: Those creditors marked as paid are slip owners. The debtor collects slip rentals for a commission. The rental payments, other than the commission belong to the slip owners and have been paid as indicated. The debtor is involved in litigation regarding slip ownership with Strike II Productions as indicated below in Section III.

# These creditors claim an ownership interest in boat slips. The debtor is unable to transfer title because of pending lien claims. If the lien claims are resolved the claimants will receive their boat slips. If the boat slips can't be delivered these claimants will receive payment under the plan.

Unsecured creditors who have not filed claims but were listed on Debtor's schedule F are:

| | | |
|---|---:|---|
| Ann Bond | $ 269.00 | paid |
| Atlantic Coast Dine Around | $ 789.00 | |
| Bank of St. Augustine | $ 97,000.00* | |
| Barry Waters | $ 315.69 | paid |
| Beamish Custom Tackle | $ 152.85 | |
| Bionic Bait | $ 137.75 | |

---

[2] This is a lease or executory contract and is listed under Paragraph 4 herein.

[3] See pending litigation.

[4] This is a lease or executory contract and is listed under Paragraph 4 herein.

4

| Vendor | Amount | |
|---|---:|---|
| Blue Buddha Exotic Foods, Inc. | $ 425.70 | |
| Burney's Septic Tank | $ 8,000.00***** | |
| Champion Brands | $ 2,002.45 | |
| Cheney Brothers, Inc. | $ 3,497.41 | |
| Cingular Wireless | $ 153.95 | |
| Clearwater Systems | $ 169.27 | |
| David M. Ponce | $ 246,092.10** | |
| David M. Ponce | $ 1,500.00** | paid |
| David M. Ponce | $ 1,228.61** | paid |
| David M. Ponce | $ 725.00** | paid |
| David M. Ponce | $ 580.00** | paid |
| David M. Ponce | $ 237,275.62** | |
| Dr. Joseph Arigo | $ 187.80 | paid |
| Dynamite Discounts | $ 350.00 | |
| E.C. Rawls | $ 269.00 | paid |
| Ed Spencer | $ 100.00 | |
| Fire Fighters Equipment Co. | $ 460.46 | |
| First City Fire Equipment | $ 1,091.80 | |
| First Coast Gaskets | $ 424.46***** | |
| Flash Sales, Inc. | $ 109.63 | |
| Gene Hill | $ 1,891.20 | paid |
| Gregory Hill | $ 376.20 | paid |
| Gregory Wilson | $ 153.00 | paid |
| Hisks' Land Clearing & Incineration | $ 636.45 | |
| Howco Environmental Services | $ 140.00 | |
| IBA Publishing, Inc. | $ 795.00 | |
| Ice Express, Inc. | $ 112.50 | |
| In Keepers | $ 1,021.14 | |
| Island Oasis | $ 1,100.00 | |
| Jason Martin | $ 269.00 | paid |
| Jim Neff | $ 385.00 | paid |
| John Scarbrough | $ 385.00 | paid |
| Karola Giebmanns | $ 237.00 | paid |
| Kevin Jurecko | $ 176.20 | paid |
| Lamar Braxton | $ 385.00 | paid |
| Lane and Mary Burnette | $ 153.00 | paid |
| Lee Salmond | $ 292.20 | paid |
| Les and Louise Rothman | $ 280.60 | paid |
| Lobster Market | $ 925.36 | |
| Mary Katherine Ponce | $ 465.00 | paid |
| Mary Katherine Ponce | $ 385.00 | paid |
| Moscogee Textiles | $ 675.39 | |
| NUCO2, Inc. | $ 239.51 | |
| Old City Web Services, Inc. | $ 75.00 | |
| Old Town Trolley | $ 1,500.00 | |

| | | |
|---|---|---|
| Pak-Rite Rentals, Inc.[5] | $ | 450.50 |
| Paul Heinrich | $ | 267.00 paid |
| Paul Kassab | $ | 385.00 paid |
| Pinch-A-Penny | $ | 335.00 |
| Ponce By the Sea, Inc. | | $8,500,000.00*** |
| Port Supply | $ | 621.87 |
| Premium Assignment Corp. | | $ 125,690.00**** |
| R.L. Schreiber, Inc. | $ | 3,821.67 |
| Robert King | $ | 517.85 |
| Samuel McCoy | $ | 292.20 paid |
| Sharon Bartley | $ | 382.29 paid |
| Shelia Pursley | $ | 176.20 paid |
| Sightseeing Tour Book | $ | 810.00 |
| Signs Now | $ | 288.32 |
| St. Augustine Map | $ | 1,960.00 |
| St. Augustine Record | $ | 856.54 |
| Standard Printing & Copy Center | $ | 22.50 |
| Stirling Food Systems, Inc. | $ | 707.10 |
| Suburban Propane | $ | 2,839.73***** |
| Sunsational Distributing, Inc. | $ | 304.00 |
| Sysco Food Service | $ | 3,478.80 |
| Taylor Rental Center | $ | 2,236.90***** |
| The Garden Wholesale, Inc. | $ | 245.90 |
| The Pinnacle Group | $ | 5,240.00 |
| Tibbs, Inc. | $ | 63.60 |
| Timothy Tadlock | | $ 124,904.00# |
| Up the Creek, LLC | $ | 411.72***** |
| U.S. Foodservice, Inc.[6] | $ | 206.70***** |
| Vern's Insulation | $ | 210.00 |
| Village Key & Alarm, Inc. | $ | 28.09 |
| Watson's Produce | $ | 1,923.44 |
| William Hellings | $ | 64.20 paid |
| William Hellings | | $ 250,893.34# |
| William Okely | $ | 153.00 |
| Yahoo Search Marketing.com | $ | 200.00***** |

\* The debtor and Conch House Builder, II, LLC entered into an Agreement with Bank of St. Augustine which allows for the payment of this obligation post-petition. $25,000.00 of the sum owed was paid by David Ponce, Sr. Upon execution of the stipulation. The monthly payments on the remaining amount of the note in the amount of $768.37 shall continue to be paid. The agreement was approved by the Court with some modification. The full agreement provides for adequate protection and other provisions which can be found at Docket No. 111. The Stipulated Order Approving in Part and Denying in Part Objection of Intervest National Bank to Notice and Motion for Approval of Compromise with Bank of St. Augustine can be found

---

[5] This is a lease or executory contract and is listed under Paragraph 4 herein.

[6] This is a lease or executory contract and is listed under Paragraph 4 herein.

6

at Docket No. 149. The current balance is $41,506.81 as of July 15, 2008.

** Mr. Ponce is an insider. This larger debts are notes on the purchase of boat slips.

*** This note is owed for the purchase of the Marina et al in December 2005.

**** Premium Assignment Corporation finances the debtor's premiums on its insurance policies. The Court entered an Order Granting Debtor-in-Possession's Amended Motion for approval of Insurance Premium Agreement pursuant to 11 U.S.C. §364 on January 24, 2008 (Docket No. 188). The Court granted the granted authority to pay this creditor in full and to remain current on the insurance premium financing contract. The current balance is $90,191.28 through July 15, 2008.

***** Burney's Septic was incorrectly listed on Schedule F and should be listed owed $500.00. First Coast Gaskets and Up the Creek were inadvertently paid and are not presently owed by the debtor. These amounts were insignificant and the error will not be pursued. Yahoo Search Market, and US Food Service were incorrectly reported and are not owed by the debtor. Suburban Propane and Taylor Rental were also incorrectly reported and are actually owed $5,606.38 and $9,735.40 respectively.

Paid: Those creditors marked as paid are slip owners. The debtor collects slip rentals for a commission. The rental payments, other than the commission belong to the slip owners and have been paid as indicated.

# These creditors claim an ownership interest in boat slips. The debtor is unable to transfer title because of pending lien claims. If the lien claims are resolved the claimants will receive their boat slips. If the boat slips can't be delivered these claimants will receive payment under the plan.

### 4. EXECUTORY CONTRACTS or LEASES

(A) **ST. JOHNS HEATING AND AIR CONDITIONING, INC.** has two (2) leases with the debtor.

> 1. A ice machine leased at $196.00 per month running through August 16, 2009. The lease is current.
>
> 2. A ice machine leased at $147.00 per month running through APRIL 20, 2010. The lease is current

(B) **U.S. FOODSERVICE, INC.** has a lease with the debtor for a dishwasher at $195.00 per month. The lease ran through September 2007 and is now on a month to month basis. The debtor is current.

(C) **PAK-RITE RENTALS, INC.** has a lease with debtor of a Marathon 30 year self contained RJ 100 SC-30 unit at $425.00 per month. The lease ran through April 2008. The lease payments have been completed.

(D) **CLEAR CHANNEL OUTDOOR** has a billboard lease with Debtor for $1,075.00 per month. Payment is current.

(E) **CBS OUTDOOR, INC.** has two (2) billboard lease with the debtor. One billboard lease is for $1,000.00 per 4 week period and other for $3,000.00 per 4 week period. Other minimal

fees and expenses apply. Debtor is current.

5. **EQUITY HOLDERS**

(A) **ROBERT GRAUBARD** filed Claim 26 in the amount of $2,419,325.76.

(B) **KELLY SMITH** filed Claim 27 in the amount of $1,066,624.84. The undisputed claim of Kelly Smith is $854,000.00.

(C) **RIVERFRONT DEVELOPMENT REVOCABLE TRUST** filed Claim 41 claiming a 30% interest in Conch House Builders, LLC. This is disputed and an Objection to Claim 41 will be filed.

(D) **THE PONCE FAMILY (i.e. The Ponce Family Limited Partnership, David M. Ponce, Jr., David M. Ponce, Sr and Ponce By the Sea, Inc.)** hold the equity interest in the debtor subject to the claims alleged above.

### III. PENDING LITIGATION

A. Intervest National Bank v. Conch House Builders, LLC, a Florida Limited Liability Company; Robert M. Graubard and Charles Kelly Smith, in the Circuit Court for the Seventh Judicial District in and for St. Johns County, Florida. The Bnk filed a foreclosure action against the debtor. The action was in the discovery stage at the time of the filing. The debtor filed several counter claims against the Bank, including for Declaratory Judgment based on fraud. The action remains pending in state court.

B. Strike II Production Consultants, LLC. V. David M. Ponce, Conch House Builders, LLC, and Conch House Builders, II, LLC in the Circuit Court for the Seventh Judicial District in and for St. Johns County, Florida. The plaintiff filed a complaint against the debtor and others for specific performance for the purchase of two boat slips (D-01 and D-04) and declaratory relief. The action remains pending in state court. This creditor claims an interest in boat slips. The debtor is unable to transfer title because of pending lien claims. If the lien claims are resolved the claimants will receive their boat slips. If the boat slips can't be delivered these claimants will receive payment under the plan.

#### A. PREFERENCE ISSUES OR FRAUDULENT TRANSFER ISSUES

There are no preference or fraudulent transfer issues because the debtor was solvent at the time of the filing on August 7, 2007.

#### B. POTENTIAL LITIGATION AGAINST THIRD PARTIES

1. Chicago Title and Insurance Company: Allowed, their agent, Baker & Hostetler, to issue title policy to Couch House Builders, LLC and Intervest National Bank without disclosing interests that would prevent future financing.

2. Baker & Hostetler, LLP: This is a potential malpractice claim for not properly representing interest of their client, Conch House Builders, LLC.

3. Intervest National Bank: A complaint against the Bank will be filed to determine if they improperly or fraudulently made the loan to Couch House Builders, LLC..

8

## IV. ASSETS AND LIQUIDATION ANALYSIS

1. Real property located in St. Augustine, Florida including:

   A. 4.15 acres upland located on Comares Ave., and 10.48 submerged acres.
   B. .963 acres (5 lots) located on Comares Ave. and Andreas Ave.
   C. 1.89 acres located on Comares Ave. and Anastasia Blvd.
   D. Including Marina, restaurant and hotel

   The property was appraised at $35,000,000.00 but the debtor has valued it at approximately $30,000,000.00.

2. The boat slip inventory has an approximate value of $22,000,000.00 (115 slips)

3. Bank accounts as of June 30, 2008: $159,206.04

4. Intervest Bank holds a CD in the amount of $3,000,000.00 which is being used to pay down the debt to the Bank.

5. There are several security deposits being held as follows:

   | | | |
   |---|---|---|
   | A. | Florida Power & Light Company | $7,447.00 |
   | B. | St. Johns Heating & Air Conditioning, Inc. | $ 500.00 |
   | C. | St. Johns Heating & Air Conditioning, Inc. | $ 500.00 |
   | D. | Cingular Wireless | $ 750.00 |

6. Collectible receivables as of June 30, 2008: $73,276.69
   There are other receivables owed by entities associated with Thomas Coghill which are probably not collectible.

7. The debtor also rents space to businesses and collects approximately $1,150.00 per month.

8. Furniture, fixtures and equipment: (30% of value on liquidation): $75,000.00

9. Inventory as of June 30, 2008 (wholesale): $147,946.54

10. Liquor License (while there is purported lien on the license, the debtor believes that the lien is invalid. The debtor estimates the value of the license at $500,000.00 or more.

There are approximately between 17 and 18 million in secured claims although the debtor disputes the primary secured claim held by Intervest National Bank. There are $831,161.77 in filed unsecured claims (subject to setoffs, etc.) and $1,024,821.47 in unsecured claims listed on debtor's Schedule F. However, excluding insiders, those making claims to boat slips and insurance there is only $150,776.49 owed to unsecured claimants.. Excluding equity, there are less than $20,000,000.00 in claims and more than $35,000,000.00 in assets. All creditors holding valid claims as allowed by the Court should receive payment in full upon liquidation of the assets, even in these difficult economic times.

## V. FEASIBILITY

Post-petition the debtor has generated minimal profits. The Debtor's Monthly Operating Statements show the following revenues, expenses and corresponding income generated each month post-petition:

| Month | Revenues | Expenses | Income |
|---|---|---|---|
| 8/2007 | $ 501,245.68 | $ 533,884.08 | ($32,638.40) |
| 9/2007 | $ 592,815.20 | $ 527,370.93 | $65,444.27 |
| 10/2007 | $ 540,048.36 | $ 576,194.77 | ($36,146.41) |
| 11/2007 | $ 605,410.16 | $ 589,029.97 | $16,380.19 |
| 12/2007 | $ 536,255.44 | $ 459,826.53 | $76,428.91 |
| 1/2008 | $ 335,342.94 | $ 493,348.80 | ($158,005.86) |
| 2/2008 | $ 469,817.87 | $ 514,504.53 | ($44,686.66) |
| 3/2008 | $ 648,993.48 | $ 632,502.85 | $16,490.63 |
| 4/2008 | $ 866,488.80 | $ 825,022.76 | $41,466.04 |
| 5/2008 | $1,151,668.89 | $1,125,851.86 | $25,817.03 |
| 6/2008 | $1,004,694.41 | $ 956,170.28 | $48,524.13 |
| | | | $19,073.87 |

The debtor is unable to fund a plan based on present operations and assuming that Intervest Bank is awarded a viable claim. However, the debtor has actually generated more cash than indicated above. The debtor has paid $69,412.28 to professionals for its redevelopment program and $101,062.50 for maintenance dredging which is only necessary once every five years. The bank balance on June 30, 2008 was $159,805.63. The initial bank balance on the date of filing was $140,731.96. If you exclude the non-ordinary expenses (professionals, dredging et al), the debtor's profit between August 7, 2007 and June 30, 2008 would be $220,534.04.

The debtor is actively seeking the entitlements to be able to redevelop the marina, restaurant and hotel. The Court has approved the hiring of various professionals to effectuate the redevelopment. Included in the redevelopment will be the construction of 32 condos and 34 condo hotels. The condos will be completed and ready for sale within 2 to 2 ½ years after permit approval (assuming they are built at one time). The permitting will take between 6 to 9 months. The condos will sell for between $29,748,000.00 to $37,186,000.00 while the condo hotels, if sold, will bring between $11,160,000.00 and $13,951,000.00. The cost of construction for both the condos and condo hotels is approximately $18,000,000.00.

Intervest National Bank may claim an interest in the boat slips. To the extent Intervest National Bank holds an interest, they will be paid from the sale of the slips. The debtor owns 115 boat slips. 5 of those slips may belong to other owners who have claims against the estate for those claimed interests. The 110 slips can be sold at an average of $200,000.00 per boat slip or a total of $22,000,000.00. The sale of boat slips alone is sufficient to pay all claims. In addition, the debtor has the authority to build 18 additional slips which can be sold for $3,600,000.00. The cost of building the 18 slips is approximately $800,000.00. The boat slips can be sold in a financially reasonable period of time.

## VI. MISCELLANEOUS DISCLOSURE

The Debtor was authorized by the Court to pay the following salaries:

David M. Ponce, Jr., Operating Manager, a weekly gross salary of $2,500.00 plus insurance

premium payments as part of a group health policy.

The information contained in this Disclosure Statement has not been subject to certified audit. Effort has been made to insure that the information contained herein is accurate. However, the Debtor is unable to warrant or represent that this information is without any inaccuracies. As it is disclosed in the instructions contained on the ballots which are sent to all creditors, the Plan of Reorganization as referred to in this Disclosure Statement can be confirmed by the Court thereby making it binding on each individual creditor, if it is excepted by the holders of 2/3 (two-thirds) in dollar amount and more then ½ (one-half) in number of claims in each class. In the event that the required acceptances are not obtained the court may nevertheless confirm the Plan if the Court finds that the requirements of 11 U.S.C. §1129(b) have been satisfied. This information is presented in this Disclosure Statement to clarify the vote required for approval and point out clearly to all creditors and interest holders that they have a choice, to either vote for or against the Plan.

DATED 7/29/08

**CONCH HOUSE BUILDERS, LLC**
**dba Conch House Marina Restaurant,**
**dba Conch House Sport Fishing Charters**

David M. Ponce, Jr., Operating Manager

Robert Altman, P.A.

**Robert Altman, Esquire**
**Attorney for Debtor-in-Possession**
**Florida Bar # 346861**
**5256 Silver Lake Drive**
**Palatka, FL 32177**
**(386) 325-4691**
**(386) 325-9765 (fax)**