# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

In re:

CONCH HOUSE BUILDERS, LLC,    Case No. 3:07-bk-03392-JAF

        Debtor.    Chapter 11

_____/

## OBJECTION OF INTERVEST NATIONAL BANK
## TO THE DEBTOR'S DISCLOSURE STATEMENT

Intervest National Bank ("Intervest"), a secured creditor of Conch House Builders, LLC (the "Debtor"), objects to the Debtor's Disclosure Statement filed herein on July 31, 2008 [Docket No. 248], on the grounds that it does not provide "adequate information" as required by 11 U.S.C. § 1125(b), and in support thereof says:

### I.  SUMMARY OF INTERVEST'S OBJECTION

1.  After two extensions of the Debtor's exclusivity period, and on the absolutely last day of the last extension, the Debtor filed its Chapter 11 Plan and Disclosure Statement. For over one year, Intervest has waited, without receiving any payment on account of its claim, for the Debtor to propose a feasible Plan and a Disclosure Statement which provides creditors sufficient information regarding the Debtor's proposed reorganization.

2.  However, the Debtor's Plan is patently unfeasible, to wit: the Debtor's proposed redevelopment and treatment of claims is contingent upon the successful completion of a massive, multi-million dollar redevelopment of its properties, for which the Debtor acknowledges it has not yet obtained the necessary capital, whether by equity investment or financing.

3. In the same vein, the Debtor's Disclosure Statement is replete with deficiencies with respect to information relating to the Debtor's proposed redevelopment of its properties, the proposed treatment and payment of claims, and the necessary financing to fund the Plan. Consequently, the Debtor's Disclosure Statement does not provide "adequate information" in order for creditors to make an informed judgment as to the feasibility of the Plan, and therefore it should not be approved. Suffering creditors to participation in the fruitless exercise of reviewing an inadequate Disclosure Statement and casting votes on a patently unconfirmable Plan only perpetuates the delay of this Chapter 11 case, and prejudices the rights and interests of creditors.

## II. FACTUAL BACKGROUND

4. On August 8, 2007 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code and has continued in the management and operation of its properties and businesses as a debtor-in-possession pursuant to Sections 1107 and 1108 of the Code.

5. The Debtor owns and operates a restaurant, marina, motel, and lounge generally known as the Conch House Resort (collectively known as the "Conch House") in St. Augustine, Florida.

6. Intervest is the owner and holder of a first mortgage in the principal amount of $15,086,574.06, as measured by the amount of Intervest's claim as of the Petition Date, exclusive of pre-petition and post-petition interest, fees, and costs, which encumbers the real and substantially all of the personal property comprising the Conch House (the "Mortgaged Property").

7. After neglecting to propose a plan and disclosure statement within the time period set forth in Section 1121(c), and after multiple extensions of the Debtor's exclusivity period, on

July 31, 2008, the absolutely last day of its extended exclusivity period, the Debtor filed its Disclosure Statement (the "Disclosure Statement") and Plan of Reorganization (the "Plan") [Docket Nos. 248 and 249]. The Court has scheduled a hearing on the Debtor's Disclosure Statement for October 30, 2008.

8. As a result of the Debtor's failure to pay its post-petition real estate and personal property taxes, and given the Debtor's lack of financing to fund its proposed reorganization and payment of claims, on October 21, 2008, Intervest filed a Motion to Convert the Debtor's Chapter 11 case to a case under Chapter 7, on the grounds that cause for conversion or dismissal exists under 11 U.S.C. §1112(b), and the Plan, as a whole, does not provide reasonable assurance of success and is therefore inherently and fundamentally not confirmable.

9. Just as the Debtor's Plan is fundamentally unfeasible and not confirmable, the Debtor's Disclosure Statement fails to provide sufficient information with respect to the Debtor's proposed redevelopment of its properties, the treatment and payment of claims, and the necessary financing to fund the Plan, and thus does not provide "adequate information" within the meaning of 11 U.S.C. § 1125 to permit creditors to make an informed judgment as to the feasibility of the Plan or whether to accept or reject the Plan.

### III. LEGAL ANALYSIS

10. The purpose of a disclosure statement is to provide creditors with "adequate information" prior to the acceptance or rejection of a reorganization plan, so that they may be able to make an informed judgment as to the feasibility of the plan. *See In re Microwave Prods. of America, Inc.*, 100 B.R. 376, 377 (Bankr. W.D. Tenn. 1989).

11. Section 1125 of the Bankruptcy Code permits the Court to construe the adequacy of information of the disclosure statement on a case by case basis. *Id*; *In re A.C. Williams Co.*, 25 B.R. 173 (Bankr. N.D. Ohio 1982).

12. Section 1125(a)(1) defines "adequate information" as

> information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, including a discussion of the potential material Federal tax consequences of the plan to the debtor, any successor to the debtor, and a hypothetical investor typical of the holders of claims or interests in the case, that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan . . . .

11 U.S.C. § 1125(a)(1) (2007).

13. A court may refuse to approve a disclosure statement where it is clear that the plan of reorganization accompanying the disclosure statement is not confirmable. *In re Atlanta West VI*, 91 B.R. 620 (Bankr. W.D. Ga. 1988); *In re Unichem Corp.*, 72 B.R. 95, 98 (Bankr. N.D. Ill. 1987); *In re Pecht*, 53 B.R. 768, 769-70 (Bankr. E.D. Va. 1985); *In re McCall*, 44 B.R. 242, 243-44 (Bankr. E.D. Pa. 1984); *In re Kehn Ranch, Inc.*, 41 B.R. 832, 832-33 (Bankr. D. S.D. 1984); *In re Genesee Cement, Inc.*, 31 B.R. 442, 443-44 (Bankr. E.D. Mich. 1983).

14. "This is to avoid engaging in a wasteful and fruitless exercise of sending the disclosure statement to creditors and soliciting votes on the proposed plan when the plan is unconfirmable on its face. Such an exercise in futility only serves to further delay a debtor's attempts to reorganize." *In re Atlanta West VI*, 91 B.R. 620 (Bankr. W.D. Ga. 1988)

15. In the present case, the Debtor's proposed reorganization and payment of claims is contingent upon the successful completion of a massive, multi-million dollar redevelopment of its properties, for which the Debtor acknowledges its has not yet obtained the necessary capital,

whether by equity investment or financing, and which the Debtor projects will be completed within no less than two and one-half to three years.

16. The conspicuous lack of feasibility of the Debtor's Plan is inextricably linked to the inadequacy of information contained in the Debtor's Disclosure Statement.

17. In its Disclosure Statement, the Debtor acknowledges that it "is unable to fund a plan based on present operations and assuming Intervest Bank is awarded a viable claim." Disclosure Statement, p. 10. However, the Disclosure Statement does not provide sufficient information with respect to the means by which the Debtor will be able to fund its Plan, irrespective of the viability of Intervest's Claim.

18. Further, the Debtor states in its Disclosure Statement that it "is actively seeking entitlements to be able to fund the marina, restaurant, and hotel" redevelopment. Disclosure Statement, p. 10. Thus, the Debtor concedes that it has not yet obtained the necessary entitlements, nor is there any demonstrated source of capital necessary, to fund its proposed redevelopment and treatment of claims.

19. These fundamental issues which the Debtor simply glosses over are the backbone of any Chapter 11 plan and Disclosure Statement. Creditors in this case cannot be expected to make an informed decision on a Plan and Disclosure Statement where the requisite financing and ability to pay claims is not discussed with sufficient detail and certainty.

20. Accordingly, Intervest objects to the Debtor's Disclosure Statement on the grounds that the accompanying Plan is fundamentally unfeasible, and on the basis that the Disclosure Statement fails to provide adequate information with respect to the proposed redevelopment of the Debtor's properties, the treatment and payment of claims, and the necessary financing to fund the Plan.

WHEREFORE, Intervest National Bank respectfully requests that the Court enter an order denying approval of the Debtor's Disclosure Statement, and granting such other relief as the Court deems proper.

Dated: October 23, 2008.                    AKERMAN SENTERFITT

By:/s/ *John B. Macdonald*
   John B. Macdonald
   Florida Bar No.: 0230340
   Email: john.macdonald@akeman.com
   Mark S. Mitchell
   Florida Bar No.: 0018039
   Email: mark.mitchell@akerman.com
   50 North Laura Street, Suite 2500
   Jacksonville, Florida 32202
   Telephone: (904) 798-3700
   Facsimile: (904) 798-3730

-and –

Joshua Magidson
Florida Bar No.: 301701
MACFARLANE, FERGUSON &
McMULLEN, P.A.
625 Court Street, Suite 200 (33756)
Post Office Box 1669
Clearwater, Florida 33757
Telephone: (727) 441-8966
Facsimile: (727) 442-8740
Email: jm@macfar.com

ATTORNEYS FOR INTERVEST NATIONAL BANK

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished either by electronic notification or U.S. mail, this 23rd day of October, 2008, to:

Robert Altman, Esq.
5256 Silver Lake Drive
Palatka, FL 32177

Miriam G. Suarez, Esq.
135 West Central Boulevard, Suite 620
Orlando, FL 32801

Lance Paul Cohen, Esq.
Cohen & Thurston, P.A.
1723 Blanding Boulevard, Suite 102
Jacksonville, FL 32210

Richard R. Thames, Esq.
50 North Laura Street, Suite 1600
Jacksonville, Florida 32202

Jason B. Burnett, Esq.
GrayRobinson, P.A.
50 North Laura Street, Suite 1100
Jacksonville, FL 32202

                                              */s/ John B. Macdonald*
                                              Attorney