UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RE:
CONCH HOUSE BUILDERS, LLC
dba Conch House Marina Restaurant,         Case No. 3:07-bk-03392-JAF
dba Conch House Sport Fishing Charters
    Debtor(s)
_____/

## AMENDED CHAPTER 11 PLAN OF REORGANIZATION

**Conch House Builders, LLC dba Conch House Marina Restaurant dba Conch House Sport Fishing Charters**, the Debtor herein, proposes the following Amended Chapter 11 Plan of Reorganization. The plan is intended to provide all the terms and conditions which shall apply to the obligations owed to the various classes of creditors as listed. Any modifications or amendments to the terms and conditions as provided in the plan filed by the debtor must be approved by the Bankruptcy Court to be effective.

## DEFINITIONS

1. "DEBTOR(S)" shall mean **"Conch House Builders, LLC dba Conch House Marina Restaurant dba Conc House Sport Fishing Charters"**.

2. "CREDITORS" shall mean all creditors of the Debtor holding claims for unsecured debts, liabilities, demands or claims of any character whatsoever.

3. "SECURED CREDITORS" shall mean all creditors who hold a lien, security interest, other encumbrance which has been properly perfected as required by law with respect to property owned by the Debtor and subject to any valuation of the secured claim determining the value of the collateral or otherwise limiting the value of the secured claim.

4. "PLAN" shall mean this Chapter 11 Plan of Liquidation in its present form as it may be amended, modified or supplemented.

5. "COURT" shall mean the United States Bankruptcy Court, Middle District of Florida, Jacksonville Division, including the United States Bankruptcy Judge presiding in the Chapter 11 case of the Debtor.

6. "CLAIM" shall be a dully listed or timely filed claim which is allowed and Ordered paid by the Court.

7. "ALLOWED AMOUNT" means the dollar amount in which a Claim is allowed.

8. "ALLOWED CLAIM" means any Claim against the Debtor, or portion thereof, to the extent that such claim is allowed under the Plan or, to the extent that such Claim has not been withdrawn, paid in full or otherwise deemed satisfied in full, (a) proof of such Claim was filed with the Clerk of the Bankruptcy Court on or before the Bar Date (or, if not filed by the Bar Date, any Claim filed with leave of the Bankruptcy

1

Court, after notice and a hearing) or (b) if no proof of claim is filed, which Claim has been or hereafter is listed by the Debtor in its Schedules filed with the Bankruptcy Court as liquidated in amount and not disputed or contingent and, in either case, as to which either (c) no objection to the allowance thereof has been interposed within the applicable period of limitation fixed in the Plan, in the Bankruptcy Code, in the Bankruptcy Rules, or in a Final Order of the Bankruptcy Court or an objection has been interposed and such Claim or portion thereof has been allowed by a Final Order of the Bankruptcy court. Unless otherwise specified in the Plan or in a Final Order of the Bankruptcy Court allowing such Claim, "Allowed Claim" shall not include (a) interest on the amount of such claim accruing from and after the Petition Date, (b) punitive or exemplary damages or any fine, penalty or forfeiture.

9. "AVOIDANCE ACTIONS" means all claims or causes of action to avoid or recover preferential, fraudulent or post-petition transfers or Liens pursuant to Sections 544, 545, 547, 548, 550 and 553(b).

10. "BAR DATE" means May 12, 2008, the last date established by the Bankruptcy Court for filing proofs of Claim against the Debtor in this Case.

11. "CREDITOR" means any party or entity having a Claim against the Debtor, including but not limited to, Creditor with Priority Claims, Tax Claims and Administrative Expense Claims, Secured Creditors and Unsecured Creditors.

12. "DISCLOSURE STATEMENT" means the Disclosure Statement promulgated by the debtor and related to this Plan as approved by the Bankruptcy Court pursuant to Bankruptcy Code §1125, as the same may be amended, supplemented or modified from time to time.

13. "DISTRIBUTION DATE" shall be the 1st of the month following the effective date of confirmation of this Chapter 11 Plan as modified or amended or as otherwise provided in the Confirmed Chapter 11 Plan.

14. "EFFECTIVE DATE" shall be that date on which the Order confirming the Plan becomes final and non-appealable. If the confirmation order is appealed, the effective date will be the date upon which the appeal is resolved and final.

15. "EQUITY HOLDER" means the holder of any equity interest, including any party or entity holding or with the expectation of holding an Equity interest in the Debtor.

16. "EQUITY INTERESTS" means the interests in the Debtor held by all holders of existing beneficial interests including stockholders.

## ARTICLE I
## CLASSIFICATION OF CLAIMS

**1.1** **CLASS 1** - Costs and expenses of Administration as defined in the Bankruptcy Code for which application for allowance of the claim is filed prior to the effective date, as the same are allowed, approved and ordered paid by the Court.

**1.2** **CLASS 2** - Claims entitled priority by §507 of the Bankruptcy Code, as the same are allowed, approved and ordered paid by the Court, except such claims qualifying under §507(a)(1) or

§507(a)(2).

**1.3** **CLASS 3 - CLASS 5** -Secured Creditors as their claims existed on the date of the petition in this case, as finally allowed and ordered paid by the court, to the extent that such claims are not greater than the value of the Debtor's assets, which the Court finds as valid security for such claims. Also included are lease claims wherein the debtor leases property from the claimant.

**1.4** **CLASS 6 and 7** - Claims of unsecured creditors of the Debtor excluding those in Classes 1 through 5 as the same are allowed and ordered paid by the Court, including, but not limited to, creditors whose claims may arise out of the rejection of executory contracts and secured creditors to the extent that the Court finds the same unsecured in whole or part, or secured creditors who otherwise elect to participate in whole or in part as Class 6 creditors.

**1.5** **CLASS 8** - Claims of equity holders of the Debtor as the same are allowed and ordered paid by the Court.

## ARTICLE II
## CLAIMS NOT IMPAIRED UNDER THE PLAN

**CLASS 1:** **ADMINISTRATIVE CLAIMS**

Except as otherwise provided below, each holder of an allowed administrative expense claim will be paid (a) on the Distribution Date, an amount, in cash, equal to the allowed amount of its administrative expense claim, in accordance with §1129(a)(9)(A) of the Bankruptcy Code, or (b) under such other terms as may be agreed upon by both the Holder of such Allowed Administrative Expense Claim and the Debtor and as approved by the Court after notice and a hearing. The known administratively claimants are:

**(A)** **ROBERT ALTMAN, P.A.**, counsel for the debtor-in-possession, received a retainer in this case in the amount of $55,000.00. Of that retainer $20,150.00 was earned prior to the filing. In addition $18,600.00 of the retainer was earned prior to the filing and paid to Isaac L. Levy for services rendered pre-petition leaving $16,250.00 of the retainer for post-petition attorney fees and costs. Robert Altman, P.A. was appointed to represent the debtor-in-possession by the Court on September 1, 2007 nunc pro tunc to August 8, 2007. The fees and expenses will exceed the amount of the retainer. The debtor anticipates an additional $100,000.00 to $200,000.00 in fees and expenses through Confirmation.

**(B)** **THE OFFICE OF THE UNITED STATES TRUSTEE** receives quarterly fees as required by statute. The fees accrue interest at 4% from the time owed. The quarterly fees are current. All quarterly fees owed pre-confirmation pursuant to statute shall be paid at or prior to confirmation and all quarterly fees accruing post confirmation will be paid timely when due.

**(C)** **JASON B. BURNETT OF THE LAW FIRM OF GREYROBINSON, P.A.** was appointed special counsel by the Court on September 11, 2007 nunc pro tunc to August 23, 2007. GreyRobinson has an agreement for fees and costs with a third party and has been receiving payment post-petition. Pre-petition GreyRobinson received $50,000.00 from Black Creek Forest, LLC, an entity owned by David Ponce, Sr. There was a pre-petition balance owed of $886.77 which was waived prior to the appointment by the Court. Post-petition, GreyRobinson, P.A. has received $129,105.40 paid by David Ponce, Sr. or a related entity and anticipates a claim against the estate of approximately between $200,000.00 and $300,000.00.

3

**(D) STEVEN R. ROSENBAUM, C.P.A. OF FREEMAN, DAWSON, ROSENBAUM & SOBEL, P.A.** was appointed as Accountant by the Court on October 1, 2007 nunc pro tunc to September 4, 2007. The firm received a retainer of $5,000.00 subject to 11 U.S.C. §330. On March 13, 2008, the Court entered an Order Granting Debtor's Application for Compensation of Interim Fees and Costs to Freeman, Dawson, Rosenbaum & Sobel, P.A.. The accountant was awarded $12,162.50 which included the $5,000.00 already received. The award of interim fees has been paid. The Account anticipates additional fees and costs in the approximate amount of $15,000.00.

**(E) THE EVANS GROUP, INCORPORATED** was appointed by the Court as Architect for the estate on March 13, 2008 nunc pro tunc to January 28, 2008. The order provided for the Evans Group to receive a retainer of $20,000.00 and to complete its work as architect pursuant to a letter of agreement attached to the order. The letter of agreement provides for the completion of work in phases. The Evans Group is required to file Interim Fee Applications before disbursement but after completion of each phase. They have received an additional $40,000.00. The Court has awarded interim fees in the amount of $200,000.00 and costs in the amount of $10,023.27.

**(F) ZEV COHEN & ASSOCIATES, INC.** was appointed by the Court as Engineer for the Estate on July 2, 2008. The work to be performed by the engineer will cost in excess of $30,000.00. Zev Cohen & Associates, Inc. has received a retainer of $5,000.00 which has not yet been approved by the Court. This administrative claimant has filed an Application for fees in the amount of $24,712.47.

**(G) ELLEN AVERY-SMITH AND DOUGLASS N. BURNETT OF ROGERS TOWERS, P.A.** was appointed by the Court as Special Attorney for the Debtor-in-Possession on July 2, 2008 nunc pro tunc to June 17, 2008 to handle zoning and other issues before the City and County commissions. The firm received a retainer of $2,500.00 subject to the provisions of 11 U.S.C. §330. An Application has been filed by the firm for fees in the amount of $45,769.00 and costs in the amount of $802.12.

All administrative claims will be paid after final approval of such claims from sale of boat slips or loans from insiders in accordance with the budget (Exhibit "2") attached to the Amended Disclosure Statement.

## ARTICLE III
## TREATMENT OF CLAIMS IMPAIRED UNDER THE PLAN

### CLASS 2: PRIORITY CREDITORS

**(A) THE RESTAURANT TIMES** has filed a priority claim in the amount of $3,315.00. There is no basis for the claim of priority status. The debtor-in-possession objects to this claim as a priority claim but has no objection to the claim being allowed as an unsecured claim. Payment of the Claim is provided for in Class 6 herein.

### CLASS 3: SECURED CREDITOR

**THE TAX COLLECTOR, ST. JOHNS COUNTY, FLORIDA, DENNIS W. HOLLINGSWORTH** has filed claims 17, 18, 19, 20, 21, 22, 23, 36, 37 in the following amounts:

| Claim 17: | $ 28,803.64 | 2006 real estate taxes |
| Claim 18: | $ 28,882.99 | 2006 real estate taxes |
| Claim 19: | $ 36,894.47 | 2006 real estate taxes |

4

| Claim 20: | $ 23,076.09 | 2006 real estate taxes |
| Claim 21: | $ 21,134.26 | 2006 real estate taxes |
| Claim 22: | $ 19,377.91 | 2006 real estate taxes |
| Claim 23: | $ 28,410.98 | 2006 tangible personal property tax |
| Claim 36 | $461,132.45 | 2007 real estate taxes |
| Claim 37 | $ 25,110.25 | 2007 tangible personal property tax |
| | **$672,823.04** | |

The debtor proposes the sale of boat slips to pay pending real and personal property taxes to be paid within 3 years of the effective date of confirmation at 18%. The debtor will pay all post-petition taxes as they come due.

### CLASS 4:. **SECURED CREDITOR**

**INTERVEST NATIONAL BANK** has filed a secured claim (Claim 42) in the amount of $16,513,958.51 based on a disputed 1st mortgage on all the debtor's assets.

The debtor proposes the sale of boat slips to pay $8,513,958.51 of this claim to the extent approved by the Court. This portion of the debt would be paid over three (3) years at 8%. The remaining $8,000,000.00 will become a mortgage for 30 years at 6% to be paid at $47,964.04 per month beginning May 1, 2009 or the 1st of the month following the effective date whichever comes last. This claimant may make an 1111(b) election. The terms of the plan will be unaffected by the election.

### CLASS 5: **SECURED CREDITOR**

**STEPHEN BERRY** has filed a secured claim (claim 39) in the amount of $150,000.00. This claimant holds a Deed of License to Boat Slip A-01. This claim may be inferior to that of Intervest National Bank. The debtor disputes that Intervest holds a lien on the boat slips. The debtor must resolve title issues to turn over to this creditor title to his boat slip A-1. If the title issue can be resolved by the Court, this claimant will receive his boat slip and the debt will be extinguished. If the title issue can not be resolved, the creditor will be paid over 24 months at 8% in equal monthly installments beginning 6 months after the effective of confirmation of the plan.

### CLASS 6: **UNSECURED CREDITORS**

Unsecured creditors who have filed claims are listed on attached Exhibit "1" and Unsecured creditors who have not filed claims but were listed on Debtor's schedule F are listed on attached Exhibit "2"[1]

Unsecured claims total $10,355,983.24. However, the total related to boat slips is $1,573,508.66[2] (the boat slip claimants will be treated separately). In addition, the claims for Premium Assignment and Bank of St. Augustine are presently being paid in accordance with agreements approved by the Court. (See notes

---

[1] The list (Exhibits 1 and 2) are identical to the unsecured creditors' list included in the debtor's filed Amended Disclosure Statement.

[2] This includes insider claims to boat slips.

5

on Exhibits 1 and 2 below). The remaining unsecured claims (after deducting the boat slips, insiders, Premium Assignment and Bank of St. Augustine) total $150,776.49. Except as otherwise expressly provided in the Plan, each holder of an allowed unsecured Claim will be paid as follows and based on the following conditions. Claims of unsecured creditors shall be paid in full at 6% in equal quarterly payments over 2 years with the first payment due the 1st of the month after the effective date of the plan with the 7 remaining payment due quarterly thereafter. The payments as presently constituted equal $19,843.68 per quarter.

### CLASS 7: UNSECURED CREDITORS

Unsecured creditors who claim an interest in boat slips will be treated separately from other unsecured claimants because they claim an ownership interest in the boat slips. Those creditors which are included in Exhibits 1 and 2 are:

| | |
|---|---|
| Jeff Howard | $ 248,000.00 |
| David M. Ponce | $ 246,092.10 |
| David M. Ponce | $ 237,275.62 |
| Timothy Tadlock | $ 124,904.00 |
| William Hellings | $ 250,893.34 |
| Strike II Production | $ 466,343.60 |

These creditors will receive their boat slips upon the debtor clearing title to the slips which will hopefully occur at or before confirmation. If title can not be cleared, these creditors will receive payment for their allowed approved claim over five (5) years at 8% in equal monthly installments beginning 6 months after the effective date of confirmation.

### CLASS 8: EQUITY HOLDERS

**(A)** **ROBERT GRAUBARD** filed Claim 26 in the amount of $2,419,325.76.

**(B)** **KELLY SMITH** filed Claim 27 in the amount of $1,066,624.84. The undisputed claim of Kelly Smith is $854,000.00.

**(C)** **RIVERFRONT DEVELOPMENT REVOCABLE TRUST** filed Claim 41 claiming a 30% interest in Conch House Builders, LLC. This is disputed and an Objection to Claim 41 will be filed at the appropriate time.

**(D)** **THE PONCE FAMILY (i.e. The Ponce Family Limited Partnership, David M. Ponce, Jr., David M. Ponce, Sr and Ponce By the Sea, Inc. )** hold the equity interest in the debtor subject to the claims alleged above. (Listed on schedule F as $8,500,000.00).

All equity claims will be paid in full from the profits of the debtor after payment of all other secured, priority and unsecured claims (excluding Intervest National Bank's mortgage so long as payments on the mortgage remain current). The claims shall be paid pro rata as profits are generated following payments of all other claims. The profits will be determined on an annual basis as of December 31 of each year. The anticipated dividend will be announced at a scheduled members' meeting to be held in February of each year following confirmation of the plan. Dividends will be distributed on or before April 15 of each year. Any

interest as members that Robert Graubard, Kelly Smith or Riverfront Development Revocable Trust may have had prior to the petition filing shall be extinguished by confirmation of the plan. Robert Graubard and Kelly Smith shall retain their right to payment pursuant to the terms of this plan.

## ARTICLE III
## PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

The following executory contracts shall be assumed:

**(A)** **ST. JOHNS HEATING AND AIR CONDITIONING, INC.** has two (2) leases with the debtor.

1. A ice machine leased at $196.00 per month running through August 16, 2009. The lease is current.

2. A ice machine leased at $147.00 per month running through April 20, 2010. The lease is current

**(B)** **U.S. FOODSERVICE, INC.** has a lease with the debtor for a dishwasher at $195.00 per month. The lease ran through September 2007 and is now on a month to month basis. The debtor is current.

**(C)** **PAK-RITE RENTALS, INC.** has a lease with debtor of a Marathon 30 year self contained RJ 100 SC-30 unit at $425.00 per month. The lease ran through April 2008. The lease payments have been completed.

**(D)** **CLEAR CHANNEL OUTDOOR** has a billboard lease with Debtor for $1,075.00 per month. Payment is current.

**(E)** **CBS OUTDOOR, INC.** has two (2) billboard leases with the debtor. One billboard lease is for $1,000.00 per 4 week period and the other for $3,000.00 per 4 week period. Other minimal fees and expenses apply. Debtor is current.

**(F)** All other executory contracts or leases not expressly provided for herein are rejected.

## ARTICLE IV
## MEANS FOR EXECUTION OF THE PLAN

4.1 In order to provide adequate means for the Plan's execution, Debtor proposes:

(a) Retention by the Debtor of all the property of the estate.

(b) Curing or waving any defaults.

(c) Extension of the maturity date or change in interest rate or other term of outstanding securities including satisfaction or modification of any lien or mortgage.

(d) Sale of all or any part of property of the estate that is subject to or free of any liens, or the distribution of all or any part of property of the

estate among those having an interest in such property of the estate.

(e)     Creditors shall retain liens securing allowed secured claims.

4.2 Creditors shall retain any and all liens that the creditors held pre-petition except to the extent the lien has been voided by the Court or to the extent the value of the collateral representing the secured claim has been determined to be less than the amount of the claim. In such an instance the creditor shall retain the lien but only to the extent of the value assigned by the court to the collateral.

4.3 The Debtor reserves the right to abandon any item of property retained by it after Confirmation. The indebtedness owed by the Debtor to the Creditor holding such lien shall be reduced by dollar value of the item of property determined by the Court's Order of valuation only if one has been entered.

4.4 All claims and causes of action in favor of the Debtor are hereby reserved and retained to be prosecuted before and after Confirmation and the Debtor expressly retains all rights and powers that the Debtor may enjoy as the Debtor-in-Possession to be utilized after Confirmation until entry of a Final Decree.

4.5 The first payment under this Plan as provided to most Creditors is to be paid the 1st of the month following the effective date of Confirmation unless otherwise provided. There shall be a 10 day grace period for all payments due pursuant to the terms of the plan.

4.6 All adequate protection payments will be applied to confirmed plan payments as if the plan had been confirmed when the payments were made.

4.7 The debtor reserves the right to modify this plan prior to confirmation or following confirmation as provided by law.

4.8 All claims must be filed by the claims deadline set by the bankruptcy court. The claim of any creditor as listed in the schedules filed by the debtor initially in the case is deemed correct (unless listed as disputed, contingent or unliquidated). All creditors have a right to file a claim if they disagree with the amount listed by debtor. The debtor reserves the right to object to filed claims, even if not disputed in the disclosure statement or the plan, within 30 days following confirmation of this plan. This plan provides for payment of allowed claims only. The fact that a claim by operation of law appears allowed at the time of confirmation shall not prevent or restrict objection following confirmation if warranted based on the debtor's judgment. All claims filed after the claims deadline set by the court shall be disallowed. Additional filed claims are only allowed as further defined herein. Creditors whose secured claims are valued by the plan must file an unsecured claim no later than 20 days prior to the scheduled confirmation hearing or such claim will disallowed.

4.9 The Absolute Priority Rule applies to this class. A plan which proposes that shareholders retain stock, must also provide for payment in full of all superior interests including unsecured claimants. However, the plan may be approved if the superior claimants vote in favor of the plan.

8

4.10 The debtor shall receive a discharge pursuant to 11 U.S.C. Section 1141 and confirmation of this Plan shall discharge the debtor from any debt that arose before the date of such Confirmation to the extent provided by Title 11, United States Code except as otherwise provided by the confirmed plan.

DATED: /-27-09

Conch House Builders, LLC dba Conch House Marina Restaurant dba Conc House Sport Fishing Charters

_____
David M. Ponce, Jr., Operating Manager

Robert Altman, P.A.

_____
Robert Altman, Esquire
**Attorney for Debtor-in-Possession**
**Florida Bar # 346861**
**5256 Silver Lake Drive**
**Palatka, FL 32177**
**(386) 325-4691**
**(386) 325-9765 (fax)**

9

**EXHIBIT "1"**

Unsecured creditors who have filed claims are:

| Creditor | Amount | Claim |
|---|---:|---|
| Fueling Components | $ 2,957.48 | (Claim 1) |
| St. Johns Food Service, Inc. | $ 678.00 | (Claim 2) |
| Burkhardt Sales | $ 341.55 | (Claim 3)\*\*\* |
| Massey Services, Inc. | $ 1,208.40 | (Claim 4) |
| Cosgrove Enterprises, Inc. | $ 13,610.14 | (Claim 5) |
| Dfirst Coast Pool Service | $ 400.00 | (Claim 6) |
| Jeff Howard | $ 248,000.00 | (Claim 7)# |
| American Hotel Register | $ 842.90 | (Claim 8)\*\*\* |
| Flowers by Shirley | $ 496.39 | (Claim 9) |
| East Coast Fruit Co. Inc. | $ 1,196.48 | (Claim 10) |
| Watch Captain, LLC | $ -0- | (Claim 11) |
| Clear Channel Outdoor[3] | $ 3,225.00 | (Claim 12) |
| GSC Service, Inc. | $ 535.31 | (Claim 13) |
| The Restaurant Times\* | $ 3,315.00 | (Claim 14) |
| AEA Networks, Inc. | $ 1,702.48 | (Claim 15) |
| S&D Coffee, Inc. | $ 1,097.23 | (Claim 16) |
| William Glenos, DMD | $ 660.00 | (Claim 24) paid |
| City of St. Augustine | $ 11,896.62 | (Claim 25) |
| CBS Outdoor Bulletin[4] | $ 8,088.00 | (Claim 27) |
| Nicholas LaRose | $ 359.79 | (Claim 29) |
| Action Mobile | $ 101.12 | (Claim 30) |
| Miles Media Group, Inc. | $ 3,600.00 | (Claim 31) |
| Fueling Components | $ 2,957.48 | (Claim 32)\*\* |
| Clay Oil Corporation | $ 52,610.85 | (Claim 33) |
| Strike II Production | $ 466,343.60 | (Claim 34) paid $443.40 |
| St. Johns Heating & Air Conditioning, Inc.[5] | $ 871.45 | (Claim 35) |
| Lance, Inc. | $ 672.85 | (Claim 38) |
| Muzak - Florida | $ 168.66 | (Claim 40) |
| Central Products, Inc. | $ 3,224.99 | (Claim 43) |

\* This claimant filed as a priority claim but will be treated as a general unsecured claimant.

\*\* This claim is a duplicate of Claim 1 and will receive no payment.

\*\*\* American Hotel Registry is owed $373.47 and an objection will be filed to their claim. Burkhardt Sales deducted the amount owed to them from a credit and Burkhardt Sales is now paid in full. The amount is insignificant and will not be pursued.

---

[3] This is a lease or executory contract and is listed under Paragraph 4 herein.

[4] This is a lease or executory contract and is listed under Paragraph 4 herein.

[5] This is a lease or executory contract and is listed under Paragraph 4 herein.

Paid: Those creditors marked as paid are slip owners. The debtor collects slip rentals for a commission. The rental payments, other than the commission belong to the slip owners and have been paid as indicated. The debtor is involved in litigation regarding slip ownership with Strike II Productions as indicated below in Section III.

# This creditor claims an interest in a boat slip. Because of title problems the debtor can not be turn the boat slip over. Theses claims can be resolved by turning over the boat slip. If not they will be paid in full.

**EXHIBIT "2"**

Unsecured creditors who have not filed claims but were listed on Debtor's schedule F are:

| | |
|---|---|
| Ann Bond | $ 269.00 paid |
| Atlantic Coast Dine Around | $ 789.00 |
| Bank of St. Augustine | $ 97,000.00* |
| Barry Waters | $ 315.69 paid |
| Beamish Custom Tackle | $ 152.85 |
| Bionic Bait | $ 137.75 |
| Blue Buddha Exotic Foods, Inc. | $ 425.70 |
| Burney's Septic Tank | $ 8,000.00***** |
| Champion Brands | $ 2,002.45 |
| Cheney Brothers, Inc. | $ 3,497.41 |
| Cingular Wireless | $ 153.95 |
| Clearwater Systems | $ 169.27 |
| David M. Ponce | $ 246,092.10** |
| David M. Ponce | $ 1,500.00** paid |
| David M. Ponce | $ 1.228.61** paid |
| David M. Ponce | $ 725.00** paid |
| David M. Ponce | $ 580.00** paid |
| David M. Ponce | $ 237,275.62** |
| Dr. Joseph Arigo | $ 187.80 paid |
| Dynamite Discounts | $ 350.00 |
| E.C. Rawls | $ 269.00 paid |
| Ed Spencer | $ 100.00 |
| Fire Fighters Equipment Co. | $ 460.46 |
| First City Fire Equipment | $ 1,091.80 |
| First Coast Gaskets | $ 424.46***** |
| Flash Sales, Inc. | $ 109.63 |
| Gene Hill | $ 1,891.20 paid |
| Gregory Hill | $ 376.20 paid |
| Gregory Wilson | $ 153.00 paid |
| Hisks' Land Clearing & Incineration | $ 636.45 |
| Howco Environmental Services | $ 140.00 |
| IBA Publishing, Inc. | $ 795.00 |
| Ice Express, Inc. | $ 112.50 |
| In Keepers | $ 1,021.14 |
| Island Oasis | $ 1,100.00 |
| Jason Martin | $ 269.00 paid |
| Jim Neff | $ 385.00 paid |
| John Scarbrough | $ 385.00 paid |
| Karola Giebmanns | $ 237.00 paid |
| Kevin Jurecko | $ 176.20 paid |
| Lamar Braxton | $ 385.00 paid |
| Lane and Mary Burnette | $ 153.00 paid |
| Lee Salmond | $ 292.20 paid |
| Les and Louise Rothman | $ 280.60 paid |

| | | |
|---|---|---|
| Lobster Market | $ | 925.36 |
| Mary Katherine Ponce | $ | 465.00 paid |
| Mary Katherine Ponce | $ | 385.00 paid |
| Moscogee Textiles | $ | 675.39 |
| NUCO2, Inc. | $ | 239.51 |
| Old City Web Services, Inc. | $ | 75.00 |
| Old Town Trolley | $ | 1,500.00 |
| Pak-Rite Rentals, Inc.[6] | $ | 450.50 |
| Paul Heinrich | $ | 267.00 paid |
| Paul Kassab | $ | 385.00 paid |
| Pinch-A-Penny | $ | 335.00 |
| Ponce By the Sea, Inc. | $8,500,000.00*** | |
| Port Supply | $ | 621.87 |
| Premium Assignment Corp. | $ 125,690.00**** | |
| R.L. Schreiber, Inc. | $ | 3,821.67 |
| Robert King | $ | 517.85 |
| Samuel McCoy | $ | 292.20 paid |
| Sharon Bartley | $ | 382.29 paid |
| Shelia Pursley | $ | 176.20 paid |
| Sightseeing Tour Book | $ | 810.00 |
| Signs Now | $ | 288.32 |
| St. Augustine Map | $ | 1,960.00 |
| St. Augustine Record | $ | 856.54 |
| Standard Printing & Copy Center | $ | 22.50 |
| Stirling Food Systems, Inc. | $ | 707.10 |
| Suburban Propane | $ | 2,839.73***** |
| Sunsational Distributing, Inc. | $ | 304.00 |
| Sysco Food Service | $ | 3,478.80 |
| Taylor Rental Center | $ | 2,236.90***** |
| The Garden Wholesale, Inc. | $ | 245.90 |
| The Pinnacle Group | $ | 5,240.00 **** |
| Tibbs, Inc. | $ | 63.60 |
| Timothy Tadlock | $ 124,904.00# | |
| Up the Creek, LLC | $ | 411.72***** |
| U.S. Foodservice, Inc.[7] | $ | 206.70***** |
| Vern's Insulation | $ | 210.00 |
| Village Key & Alarm, Inc. | $ | 28.09 |
| Watson's Produce | $ | 1,923.44 |
| William Hellings | $ | 64.20 |
| William Hellings | $ 250,893.34# | |
| William Okely | $ | 153.00 |
| Yahoo Search Marketing.com | $ | 200.00***** |

---

[6] This is a lease or executory contract and is listed under Paragraph 4 herein.

[7] This is a lease or executory contract and is listed under Paragraph 4 herein.

\* The debtor and Conch House Builder, II, LLC entered into an Agreement with Bank of St. Augustine which allows for the payment of this obligation post-petition. $25,000.00 of the sum owed was paid by David Ponce, Sr. Upon execution of the stipulation. The monthly payments on the remaining amount of the note in the amount of $768.37 shall continue to be paid. The agreement was approved by the Court with some modification. The full agreement provides for adequate protection and other provisions which can be found at Docket No. 111. The Stipulated Order Approving in Part and Denying in Part Objection of Intervest National Bank to Notice and Motion for Approval of Compromise with Bank of St. Augustine can be found at Docket No. 149.

\*\* Mr. Ponce is an insider. This larger debts are notes on the purchase of boat slips.

\*\*\* This note is owed for the purchase of the Marina et al in December 2005.

\*\*\*\* Premium Assignment Corporation finances the debtor's premiums on its insurance policies. The Court entered an Order Granting Debtor-in-Possession's Amended Motion for approval of Insurance Premium Agreement pursuant to 11 U.S.C. §364 on January 24, 2008 (Docket No. 188) and Second Order Granting Debtor-in-Possession's Amended Motion for approval of Insurance Premium Agreement signed January 14, 2009. The Court granted the granted authority to pay this creditor in full and to remain current on the insurance premium financing contract. Pinnacle is also marked. This is also an insurance claim that has been paid.

\*\*\*\*\* Burney's Septic was incorrectly listed on Schedule F and should be listed owed $500.00. First Coast Gaskets and Up the Creek were inadvertently paid and are not presently owed by the debtor. These amounts were insignificant and the error will not be pursued. Yahoo Search Market, and US Food Service were incorrectly reported and are not owed by the debtor. Suburban Propane and Taylor Rental were also incorrectly reported and are actually owed $5,606.38 and $9,735.40 respectively.

Paid: Those creditors marked as paid are slip owners. The debtor collects slip rentals for a commission. The rental payments, other than the commission belong to the slip owners and have been paid as indicated.